## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-00116 RHH |
| | ) |
| SEVEN ELEVEN, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Clint Phillips, III's application to proceed in the district court without prepaying fees and costs. While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's application to proceed in the district court without prepayment of fees and costs and dismiss plaintiff's complaint without prejudice.

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming as defendants 7-Eleven and Officers Stevens and Phelps of the Moline Acres Police Department.

Plaintiff states that at some point between mid-October and late-November, 2023, he took his lottery tickets to 7-Eleven to check whether he had won. He states that while doing so, "I was accosted by a newer African American female employee who was fiercely disrespecting me with no interruption." Plaintiff states that when he responded to this employee, he was "sexually discriminated against by the white female store owner who began to commit forms of false imprisonment with her mouth and words before actively instigating, directing, and promoting it." Moline Acres Police Officers Stevens and Phelps arrived on the scene and arrested plaintiff and

conducted a pat-down search. Plaintiff alleges that this arrest and search violated his constitutional rights.

For relief, plaintiff seeks $16.8 million in compensatory damages from the City of Moline Acres and $11.8 million in compensatory damages from 7-Eleven.

## Discussion

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020).

A review of this Court's files shows that plaintiff has previously brought at least three civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Phillips v. St. Louis City Police Officers*, No. 4:17-cv-1637-HEA (E.D. Mo. Jan. 10, 2018); *Phillips v. Romeo*, No. 4:17-cv-1636-NAB (E.D. Mo. Aug. 4, 2017); *Phillips v. City of St. Louis*, No. 4:11-cv-791-CEJ (E.D. Mo. May 19, 2011).

Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is currently incarcerated in the St. Louis County Justice Center and he does not allege that he is in any danger, much less imminent danger of serious physical injury. The actions he complains of occurred several months ago in the City of Moline Acres. Nothing about these actions suggest plaintiff is currently in any danger. He has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's application to proceed in the district court without prepaying fees and costs and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **DENIED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

An order of dismissal will accompany this memorandum and order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of January, 2024.